IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 4:04CR70083 |
| | ) | |
| ANTHOINE PLUNKETT | ) | |

### NOTICE OF INTENT TO SEEK THE DEATH PENALTY

COMES NOW the United States of America, pursuant to 18 U.S.C. 3593(a), by and through its undersigned counsel, and notifies the Court and the defendant in the above-captioned case, ANTHOINE PLUNKETT, that the Government believes the circumstances of the offenses charged in Counts One, Two and Five of the Superseding Indictment are such that, in the event of a conviction on any one or more of the offenses charged therein, a sentence of death is justified, and that the Government will seek the sentence of death for these offenses: Title 18, United States Code, Sections 1958(a)(Counts One and Two) and 924(c)(1) and 924(j)(Count Five), each of which carries a possible sentence of death.

The Government proposes to prove the following factors as justifying a sentence of death under each of Counts One, Two and Five of the Superseding Indictment, the allegations of which are fully realleged and incorporated by reference herein.

    A.    <u>Statutory Intent Factors Enumerated Under Title 18, United States Code, Section 3591(a)(2).</u>

        i.    <u>Intentional Participation in a Lethal Act: Section 3591(a)(2)(C).</u>
ANTHOINE PLUNKETT intentionally participated in an act, contemplating that the life of Tyree Wimbush be taken and intending that lethal force be used in connection a person, other than one of the participants in the offense, namely, Tyree Wimbush, and which directly resulted in the death of Tyree Wimbush.

    ii.    <u>Intentionally Creating a Grave Risk of Death: Section 3591(a)(2)(D).</u> ANTHOINE PLUNKETT intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and said act directly resulted in the death of Tyree Wimbush.

  C.  <u>Aggravating Factors Enumerated under Title 18, United States Code, Section 3592(c).</u>

    i.    ANTHOINE PLUNKETT procured the commission of the offense by payment, and promise of payment, of anything of pecuniary value. Title 18, United States Code, Section 3592(c)(7).

    ii.    ANTHOINE PLUNKETT committed the offense after substantial planning and premeditation to cause the death of a person. Title 18, United States Code, Section 3592(c)(9).

  D.  <u>Non-Statutory Aggravating Factors under 18 U.S.C. 3593(a)</u>

The non-statutory aggravating factors which the Government will seek to prove as the basis for the death penalty which are applicable to the homicide and to the defendant under each of Counts One, Two, and Five are as follows.

1. Victim impact: The defendant caused injury, harm, and loss to the family and friends of the victim, as evidenced by his personal characteristics as a human being and the impact of his death on his family and friends. *Payne v. Tennessee*, 501 U.S. 808 (1991). Specifically, the surviving members of the Wimbush family have been deprived of their loved one and the benefits of having him in their lives. As a result, their lives have changed and they have experienced significant emotional trauma.

2. Obstruction of Justice: Wimbush was killed in an effort by PLUNKETT to obstruct justice by preventing him from providing information about the commission of a possible drug trafficking crime to law enforcement officials and in retaliation for cooperating with authorities.

3. Future Dangerousness: The defendant represents a continuing danger to the lives and safety of other persons. The defendant has committed the acts alleged in the capital offense charged in the Indictment and in the statutory and non-statutory aggravating factors contained in this Notice, and, in addition, has engaged in the following, at least: Prior to the murder of Wimbush, Plunkett was a significant trafficker of narcotics, and the murder of Wimbush was directly related to and intended to protect those narcotics trafficking activities. Further, Plunkett has never expressed any remorse for the murder.

The government gives further notice that in support of imposition of the death penalty it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offense of conviction as described in the Superseding Indictment as they relate to the background and character of the defendant, his moral culpability and the nature and circumstances of the offense of conviction.

        Respectfully submitted,

        JOHN L. BROWNLEE
        United States Attorney

        s/Craig J. Jacobsen
        Assistant United States Attorney
        CA Bar #138346
        Western District of Virginia
        United States Attorney's Office
        P.O. Box 1709
        Roanoke, VA 24008
        TEL (540) 857-2252
        FAX (540) 857-2614
        craig.jacobsen@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that I have this 17th day of February, 2005, electronically filed the Notice of Intent to Seek the Death Penalty with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Beverly Davis, Esq. and Roger Groot, Esq., counsel of record for Anthoine Plunkett.

                s/ Craig J. Jacobsen
                Assistant United States Attorney
                CA Bar #138346