CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 17 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 4:04CR70083 |
| ) | |
| vs. ) | **SUPERSEDING INDICTMENT** |
| ) | |
| LANNY BENJAMIN BODKINS ) | <u>In Violation of:</u> |
| ANTHOINE PLUNKETT ) | Title 18, U.S.C., §1958(a) |
| DAREL KEITH TAYLOR. ) | Title 18, U.S.C., §371 |
| ) | Title 18, U.S.C., §2261A(1) |
| ) | Title 18, U.S.C., §§ 924(j) and 2. |

## COUNT ONE

The Grand Jury charges that:

1. Beginning at a time unknown to the Grand Jury, but on or about June 29, 1999, and continuing to on or about July 22, 1999, in the Western District of Virginia and elsewhere, the defendants, LANNY BENJAMIN BODKINS, ANTHOINE PLUNKETT and DAREL KEITH TAYLOR, did knowingly combine, conspire, and agree with each other, and others known and unknown to the Grand Jury, to travel and cause another person to travel, in interstate commerce with the intent that a murder be committed in violation of the laws of a State, as consideration for the receipt of, and promise and agreement to pay, an item of pecuniary value, to wit: defendant ANTHOINE PLUNKETT caused LANNY BENJAMIN BODKINS and DAREL KEITH TAYLOR to travel from Tennessee to Virginia with the intent that a murder be committed in violation of the laws of the Commonwealth of Virginia, as consideration for money and the promise to pay money, which resulted in the death of Tyree Wimbush on or about July 22, 1999, in or around Danville, Virginia.

2. All in violation of Title 18, United States Code, Section 1958(a).

## COUNT TWO

The Grand Jury further charges that:

1. On or about July 22, 1999, in the Western District of Virginia and elsewhere, the defendants, LANNY BENJAMIN BODKINS, ANTHOINE PLUNKETT and DAREL KEITH TAYLOR, did travel and cause another person to travel, in interstate commerce with the intent that a murder be committed in violation of the laws of a State, as consideration for the receipt of, and promise and agreement to pay, an item of pecuniary value, and did aid and abet the same, to wit: defendant ANTHOINE PLUNKETT caused LANNY BENJAMIN BODKINS and DAREL KEITH TAYLOR to travel from Tennessee to Virginia with the intent that a murder be committed in violation of the laws of the Commonwealth of Virginia, as consideration for money and the promise to pay money, which resulted in the death of Tyree Wimbush on or about July 22, 1999, in or around Danville, Virginia.

2. All in violation of Title 18, United States Code, Sections 2 and 1958(a).

## COUNT THREE

The Grand Jury further charges that:

1. Beginning at a time unknown to the Grand Jury, but on or about June 29, 1999, and continuing to on or about July 22, 1999, in the Western District of Virginia and elsewhere, the defendants, LANNY BENJAMIN BODKINS, ANTHOINE PLUNKETT and DAREL KEITH TAYLOR, did knowingly combine, conspire, and agree with each other, and others known and unknown to the Grand Jury, to commit an offense against the United States, that is to travel in interstate commerce with the intent to kill, injure, harass, and intimidate another person, to wit Tyree

Wimbush, and as a result of such travel placed Tyree Wimbush in reasonable fear of death or seriously bodily injury, in violation of Title 18, United States Code, Section 2261A(1).

## OVERT ACTS

In furtherance of the conspiracy, and to effect and accomplish the objects of the conspiracy, the defendants committed, among others, the following overt acts in the Western District of Virginia and elsewhere:

A. At a time unknown to the Grand Jury, but on or about July 14, 1999, defendant ANTHOINE PLUNKETT attended a meeting at a restaurant in or around Danville, Virginia with other persons both known and unknown to the Grand Jury, where the killing of Tyree Wimbush was discussed.

B. At a time unknown to the Grand Jury, but on or about July 14, 1999, defendant ANTHOINE PLUNKETT offered to pay defendants, LANNY BENJAMIN BODKINS AND DAREL KEITH TAYLOR, approximately $2,500.00 to travel from Johnson City, Tennessee to Danville, Virginia to kill an informant.

C. At a time unknown to the Grand Jury, but on or about July 17, 1999, defendants, LANNY BENJAMIN BODKINS AND DAREL KEITH TAYLOR, drove from Johnson City, Tennessee to Danville, Virginia and met with defendant ANTHOINE PLUNKETT, who identified Tyree Wimbush as the person he wanted killed.

D. At a time unknown to the Grand Jury, but on or about July 20, 1999, defendants LANNY BENJAMIN BODKINS AND DAREL KEITH TAYLOR drove from Johnson City, Tennessee to Danville, Virginia, in TAYLOR's 1993 black Saturn, armed with a Ruger 9 millimeter semi-automatic pistol.

E. On or about July 22, 1999, defendants LANNY BENJAMIN BODKINS and DAREL KEITH TAYLOR drove to the neighborhood of Tyree Wimbush and waited for him to appear.

F. On or about July 22, 1999, defendant LANNY BENJAMIN BODKINS shot and killed Tyree Wimbush as he approached TAYLOR's vehicle.

2. All in violation of Title 18, United States Code, Section 371.

## COUNT FOUR

The Grand Jury further charges that:

1. On or about July 22, 1999, in the Western District of Virginia and elsewhere, the defendants, LANNY BENJAMIN BODKINS, ANTHOINE PLUNKETT and DAREL KEITH TAYLOR, did travel in interstate commerce with the intent to kill, injure, harass, and intimidate another person, to wit Tyree Wimbush, and did aid and abet the same, and as a result of such travel, placed Tyree Wimbush in reasonable fear of death or seriously bodily injury.

2. All in violation of Title 18, United States Code, Section 2261A(1).

## COUNT FIVE

The Grand Jury further charges that:

1. That on or about July 22, 1999, in the Western Judicial District of Virginia, the defendants LANNY BENJAMIN BODKINS, ANTHOINE PLUNKETT and DAREL KEITH TAYLOR, did knowingly carry and use a firearm, that is, a Ruger 9 millimeter semi-automatic pistol, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, interstate stalking, in violation of Title 18, United States Code, Section 2261A, and in violation of Title 18, United States Code, Section 924(c)(1), and did aid and abet the same, and in the course of this violation caused the death of a person through the use of a firearm, which killing was a

murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Tyree Wimbush, and did aid and abet the same, by shooting him willfully, deliberately, maliciously, and with premeditation.

2. All in violation of Title 18, United States Code, Section 924(c)(1), and 924(j).

## NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT LANNY BENJAMIN BODKINS AS TO COUNTS ONE, TWO AND FIVE

The Grand Jury further finds:

Pursuant to the provisions of Title 18, United States Code, Section 3591, the following factors exist regarding defendant LANNY BENJAMIN BODKINS under each of Counts One, Two and Five of this Superseding Indictment, the allegations of which are fully realleged and incorporated by reference herein:

A.  That LANNY BENJAMIN BODKINS was then 18 years of age, or older, at the time of his commission of the offenses.

B.  Statutory Intent Factors Enumerated Under Title 18, United States Code, Section 3591(a)(2).

   i.  Intentional Killing: Section 3591(a)(2)(A).

LANNY BENJAMIN BODKINS intentionally killed Tyree Wimbush.

   ii.  Intentional Infliction of Serious Bodily Injury: Section 3591(a)(2)(B)

LANNY BENJAMIN BODKINS intentionally inflicted serious bodily injury that resulted in the death of Tyree Wimbush.

   iii. <u>Intentional Participation in a Lethal Act: Section 3591(a)(2)(C).</u>

  LANNY BENJAMIN BODKINS intentionally participated in an act, contemplating that the life of Tyree Wimbush be taken and intending that lethal force be used in connection with a person, other than one of the participants in the offense, namely, Tyree Wimbush, and which directly resulted in the death of Tyree Wimbush.

   iv. <u>Intentionally Creating a Grave Risk of Death: Section 3591(a)(2)(D).</u>

  LANNY BENJAMIN BODKINS intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and said act directly resulted in the death of Tyree Wimbush.

  C. <u>Aggravating Factors Enumerated under Title 18, United States Code, Section 3592(c).</u>

   i. LANNY BENJAMIN BODKINS was previously convicted of a State offense punishable by a term of imprisonment of more than one year, involving the use and attempted and threatened use and of a firearm against another person. Title 18, United States Code, Section 3592(c)(2).

   ii. LANNY BENJAMIN BODKINS committed the offense as consideration for the receipt, and in the expectation of the receipt, of anything of pecuniary value. Title 18, United States Code, Section 3592(c)(8).

   iii. LANNY BENJAMIN BODKINS committed the offense after substantial planning and premeditation to cause the death of a person. Title 18, United States Code, Section 3592(c)(9).

## NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT
## ANTHOINE PLUNKETT AS TO COUNTS ONE, TWO AND FIVE

The Grand Jury further finds:

Pursuant to the provisions of Title 18, United States Code, Section 3591, the following factors exist regarding defendant ANTHOINE PLUNKETT under each of Counts One, Two and Five of this Superseding Indictment, the allegations of which are fully realleged and incorporated by reference herein:

A.  That ANTHOINE PLUNKETT was then 18 years of age, or older, at the time of his commission of the offenses.

B.  Statutory Intent Factors Enumerated Under Title 18, United States Code, Section 3591(a)(2).

   i.  Intentional Participation in a Lethal Act: Section 3591(a)(2)(C).

ANTHOINE PLUNKETT intentionally participated in an act, contemplating that the life of Tyree Wimbush be taken and intending that lethal force be used in connection a person, other than one of the participants in the offense, namely, Tyree Wimbush, and which directly resulted in the death of Tyree Wimbush.

   ii. Intentionally Creating a Grave Risk of Death: Section 3591(a)(2)(D).

ANTHOINE PLUNKETT intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and said act directly resulted in the death of Tyree Wimbush.

C.      Aggravating Factors Enumerated under Title 18, United States Code, Section 3592(c).

i.      ANTHOINE PLUNKETT procured the commission of the offense by payment, and promise of payment, of anything of pecuniary value. Title 18, United States Code, Section 3592(c)(7).

ii.     ANTHOINE PLUNKETT committed the offense after substantial planning and premeditation to cause the death of a person. Title 18, United States Code, Section 3592(c)(9).

A TRUE BILL, this 17th day of February, 2005.

_____
FOREPERSON

_____
JOHN L. BROWNLEE
UNITED STATES ATTORNEY