**SEALED**

# WASHINGTON AND LEE
## UNIVERSITY
### SCHOOL OF LAW

Roger D. Groot  
Class of 1975 Alumni Professor of Law

Telephone (540) 458-8518  
Facsimile (540) 458-8488  
E-mail: grootr@wlu.edu

March 7, 2005

Honorable Michael F. Urbanski  
United States Magistrate Judge  
United States District Court  
   for the Western District of Virginia  
P. O. Box 38  
Roanoke, Virginia 24002

CLERK'S OFFICE U.S. DIST. COURT  
AT DANVILLE, VA  
FILED

MAR 22 2005

JOHN F. CORCORAN, CLERK  
BY: /s/ HMcDonald  
DEPUTY CLERK

EX PARTE

Re: United States v. Plunkett, No. 4:04CR70083-002

Dear Judge Urbanski:

     By letter motion dated February 14, 2005, I requested that you authorize Bev Davis and me to employ a defense mental health expert for 30 hours at $200 per hour. This item was also noted in the budget for this case submitted on February 25, 2005. Because it is important that Defendant Plunkett be examined by this expert as soon as possible, Mr. Davis and I hope our proposed order can be entered at this time.

     The budget submitted on February 25 also anticipated employment of a victim outreach expert. The federal defender system now employs two such experts, Tammy Krause and Kelly Branham. I contacted Ms. Krause and asked whether those experts were available to us. They are available to appointed counsel only if their workload for federal defenders leaves time for appointed counsel. Both of them are fully booked by federal defenders. Thus, we have looked elsewhere. I have located a victim outreach expert, Sarah Anthony, in Durham, North Carolina, which is nearer to Danville than any such expert in Virginia. I have enclosed a proposed order authorizing us to employ a victim outreach expert at $65 per hour for 20 hours plus reasonable and customary expenses. We will appreciate your entry of this order at your earliest opportunity.

     We also request that this letter motion and the order be sealed.

Very truly yours,

Roger

Roger D. Groot  
Class of 1975 Professor of Law

RDG/cjk  
Enclosure  
cc: Bev Davis

RECEIVED IN CHAMBERS

MAR 10 2005

Hon. Michael F. Urbanski  
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Danville Division

UNITED STATES OF AMERICA

v.                                        Criminal Case No. 4:04-CR-70083-002

ANTHOINE PLUNKETT

**SEALED**

**ORDER**

THIS MATTER IS BEFORE THE COURT on Defendant Plunkett's letter motion for authorization to employ a victim outreach expert.

For cause shown the letter motion for authorization to employ a victim outreach expert is GRANTED. Defendant's counsel are authorized to employ Sarah Anthony as their victim outreach expert at a rate of $65.00 per hour for not more than 20 hours. Ms. Anthony will also be reimbursed reasonable and customary expenses incurred in performing this work.

Should Defendant's counsel need Ms. Anthony to perform additional work, additional approval must be obtained.

The Clerk is directed to mail a copy of this Order to counsel for Defendant Plunkett only.

Enter this Order this _____ day of March, 2005.

                                                               United States Magistrate Judge

## DECLARATION OF RICHARD BURR

I, Richard Burr, declare under penalty of perjury that the following is true:

### *Background of Declarant*

1.      I am an attorney in private practice in Houston, Texas. My practice has been devoted entirely to the trial, appellate, and post-conviction representation of defendants in capital cases since 1979. I have represented persons in more than one hundred capital cases in twelve states during this time. Although my work has been heavily oriented toward post-conviction and habeas corpus proceedings, I have been trial counsel in three capital prosecutions, including *United States v. Timothy James McVeigh*, No. 96-CR-68 (D.Colo.) (the Oklahoma City bombing case), where I was lead counsel for the penalty phase and for penalty-related work. I have argued two capital cases in the Supreme Court of the United States, *Ford v. Wainwright*, 477 U.S. 399 (1986), and *Selvage v. Lynaugh*, 494 U.S. 108 (1990), and served as co-counsel on a third, *Hitchcock v. Dugger*, 481 U.S. 393 (1987). I presently have a fourth capital case pending argument in the Supreme Court, *Tennard v. Dretke*, No. 02-10038.

2.      Because of my experience, I have been retained by the Defender Services Division of the Administrative Office of the United States Courts, along with two other similarly experienced attorneys – Kevin McNally of Kentucky and David Bruck of South Carolina – to serve through the Federal Death Penalty Resource Counsel project as an advisor and consultant to court-appointed and federal defender attorneys engaged in the defense of capital cases in the federal courts. Through this project, I work extensively with counsel appointed to represent people charged in federal capital cases. In a recent report by the Subcommittee on Federal Death

Penalty Cases of the Committee on Defender Services of the Judicial Conference of the United States, Federal Death Penalty Cases: Recommendations Concerning the Cost and Quality of Defense Representation (May, 1998) – which was adopted by the Judicial Conference – the work of our project was found to be "essential to the delivery of high quality, cost-effective representation in death penalty cases...." *Id.* at 50.

### *Purpose of this Declaration*

3. I submit this declaration in connection with the request by counsel for Jamain Williams for the funds necessary to retain a defense-based victim liaison.

### *The Role of the Victim Liaison in the Defense Team*

4. Through the Federal Death Penalty Resource Counsel project, we have for several years now been encouraging defense counsel to work with professionally trained victim liaisons to make contact with the family members of the victims in the cases in which they are involved.

5. Defense counsel make a mistake if they fail to make contact with the survivors of the victims in their cases. Unless they make contact with survivors, the defense may never know the broad and diverse range of interests and needs that survivors feel and are able to articulate. They may never know, for example, that the survivors want the judicial process to be over quickly and would be amenable to a disposition of the case by plea bargain. They may never know the particular suffering that the murder has brought into the survivors' lives, and how they might respond compassionately to their suffering, rather than insensitively, due to ignorance. They may never know that the survivors would like to meet with their client and, through that contact, begin to come to some peace about what has happened. They may never know that the

development of a relationship based on respect and compassion for survivors may help survivors feel less like distraught bystanders and more like real participants in a process which usually affects them profoundly.

6.     To be able to reach out to murder survivors, defense lawyers need the assistance of an expert – a victim liaison, who by training and experience knows how to approach and develop a relationship with survivors with appropriate respect for their plight, their suffering, and their fears. Such persons are encouraged to become advocates for the survivors with the defense team. They are not sent out to manipulate or in any manner take advantage of victims. They are sent out with only one goal: to develop a relationship with, get to know, and serve as bridge between, the defense and the survivors. How the relationship develops thereafter and the fruits of that relationship are solely determined by the interests of the survivors and the ability of the defense – and in some instances the prosecution – to meet those interests.

***Defense-Based Victim Liaisons Are Being Funded in Federal Capital Prosecutions***

7.     Defense-based victim liaisons have been authorized in a growing number of federal capital cases, including the following completed cases in which funding has been ordered by the Court: *U.S. v. Timothy James McVeigh*, No. 96-CR-68-M (D.Colo.), *U.S. v. Christopher Dean*, No. 2:98-CR-63-01 (D. Vt.), *U.S. v. Khalfan Khamis Mohamed*, No. 98-CR-1023 (S-6) (S.D. N.Y.), *United States v. Willis Mark Haynes*, Cr. No. PJM-98-0520 (D.Md.), *U.S. v. Marvin Gabrion*, No. 1:99-CR-76 (W.D.Mi.), *U.S. v. Kofi Orleans-Lindsay*, No. 00-CR-440-ALL (D.D.C.), *United States v. Gary Lee Sampson*, Cr. No. 01-10384-MLW (D.Mass.). In two

additional cases, still pending, the court has approved defense requests for funding victim liaisons.[1]

8. Defense-based victim liaisons have also been utilized in numerous federal capital cases in which defense funding has been provided through Federal Defender offices, including the following completed cases: *United States v. Buford O'Neal Furrow*, No. CR-99-838(A)-NM (C.D.Ca.), *United States v. Cary Anthony Stayner*, No. CR-F-99-5217-AW (E.D.Ca.), *United States v. Joseph P. Minerd*, Cr. No. 99-215 (W.D.Pa.), *United States v. Jose Denis*, No. 99-0174-CR-MORENO (S.D.Fla.), *United States v. Stephen D. Satcher*, Cr. No. AW-00-0105 (D.Md.). In two additional cases, still pending, funding for defense-based victim liaisons has been provided through Federal Defender offices.[2]

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, this _____ day of February, 2004.

_____
Richard Burr

---

[1] Since these cases are pending, the orders approving funding of defense-based victim liaisons are under seal and cannot be referenced.

[2] As with the panel attorney cases that are still pending, the information concerning these cases cannot yet be made public.

4