CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
AUG 2 3 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 4:04CR70083 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| LANNY BENJAMIN BODKINS ) | By: Hon. Glen E. Conrad |
| ANTHOINE PLUNKETT ) | United States District Judge |
| ) | |
| Defendants. ) | |

This case is before the court on defendant Anthoine Plunkett's motion to strike the death notice or exclude evidence or for continuance. For the reasons set forth below, the defendant's motion shall be denied.

## BACKGROUND

The government obtained the telephone records of Shirley Plunkett, defendant Plunkett's mother, by March 23, 2004. Included in those records were calls to four telephone numbers in the eastern Tennessee area code. The government provided approximately 900 pages of telephone records, including those of Shirley Plunkett, to counsel for the defendants on February 23, 2005. On June 5, 2005, the government issued a subpoena to Sprint for the records pertaining to the Tennessee phone numbers. Through investigation, defendant Plunkett learned the location and/or subscriber to three of the four numbers. Defendant Plunkett was unable to identify the subscriber for the final Tennessee number.

In late July 2005, defendant Plunkett notified the government that he had not received any records with regard to the four Tennessee numbers. The government responded that it would follow up on that information. On July 26, 2005, the government informed counsel for defendant

Plunkett that it would follow up with the phone companies to obtain the records. On August 17, 2005, in the midst of jury selection, the government provided defendant Plunkett with a document which identified codefendant Darel K. Taylor as the subscriber of the final Tennessee number. This document was obtained through a subpoena issued on August 16, 2005 to Cingular.

On August 18, 2005, counsel for defendant Plunkett orally moved the court to exclude the document from the evidence in this case, or in the alternative, for a continuance. The court denied the motion, but permitted the defendant to renew the motion at a later time. On August 19, 2005, counsel for defendant Plunkett received additional records in regard to the phone number, which listed approximately 2,500 telephone calls.

## DISCUSSION

Defendant Plunkett contends that the government has been careless and dilatory in that it failed to issue a subpoena for the telephone records until over a year after first obtaining the Tennessee telephone numbers. The defendant also argues that the government was careless in that it issued the original subpoena to the incorrect provider and suggested to the defendant that the records would not be relevant to its case. Defendant Plunkett also points out that the government has had access to Darel Taylor for some time and could easily have discovered that the number at issue was actually Taylor's.

The court notes, however, that although the government may have been somewhat careless in failing to follow up on the earlier subpoena, counsel for the defendant also had access to this number, at least from February 2005. Therefore, defendant Plunkett had full opportunity to investigate the identity of the subscriber for this number, as did the government. In fact,

2

defendant Plunkett admits that he attempted to discover the subscriber information regarding this number, along with the other three numbers, but was unable to do so.

Defendant Plunkett also argues that he has been seriously prejudiced by the late discovery of this information. Plunkett contends that the identity of Taylor as the subscriber to the phone number is a critical piece of evidence that will dramatically affect his planned defense. He also asserts that, because this information was only received on the third day of jury selection, his jury selection plan was disrupted because his guilt/innocence defense, and the planned melding of that defense with his mitigation case, was significantly affected.

Finally, defendant Plunkett notes that the call log, provided on August 19, 2005, includes 58 pages of 2,500 telephone calls. Plunkett asserts that many of the calls listed were made to telephone numbers in Danville, Virginia. Thus, Plunkett contends that, without adequate time to investigate the other Danville numbers in the log and to ascertain whether Taylor, the principal witness against him, had other contacts in the Danville area, he will be deprived of effective assistance of counsel and of his right to fully confront Taylor when he appears as a witness.

Defendant Plunkett goes on to propose several possible remedies to the problem he asserts with regard to this late discovered evidence. Plunkett requests the court to either strike the death notice, exclude the evidence regarding this telephone number and the calls made to and from that number, or to grant a continuance to provide him additional time to formulate his defense.

When a defendant is provided with an untimely death notice, the court may order that notice stricken. See United States v. Ferebe, 332 F.3d 722 (4th Cir. 2003). Defendant Plunkett contends that, because the telephone record information was provided only when his trial was

3

beginning, he is in the same position as a defendant who received an untimely death notice in that he does not have adequate time to prepare his death defense. The court notes again, however, that defendant Plunkett did have access to the telephone number as early as February 2005 and was in the position to investigate that number to determine the subscriber. Furthermore, defendant Plunkett was aware of the importance of showing the lack of contact with Taylor during the relevant period. Therefore, the court finds that the defendant has not been deprived of adequate preparation of his death defense.

Next, defendant Plunkett requests that, if the court is unwilling to strike the death notice, the court should exclude the evidence regarding the telephone number and the calls made to and from that number from the trial. First, he claims that he has been prejudiced by the admission of this information as set forth above. Again, the court notes defendant Plunkett's access to the telephone number for several months prior to trial. The court declines to exclude this evidence from the trial because defendant Plunkett has failed to demonstrate the necessary prejudice.

Defendant Plunkett also notes that the government has failed to include the name of the custodian of the telephone records in its list of witnesses. In a capital case, the government is required to provide such a list to the defendant at least three days prior to the commencement of the trial. 18 U.S.C. § 3432. At least one court has held that compliance with this notice requirement is mandatory and that failure to do so is plain error. United States v. Crowell, 442 F.2d 346 (5th Cir. 1971). However, even under this mandatory requirement, "a defendant claiming a violation of the right to access that § 3432 is designed to protect must show actual prejudice from any impairment or interference with the right." United States v. Tipton, 90 F.3d 861, 889 (4th Cir. 1996). The government provided defendant Plunkett with the telephone record

4

evidence as soon as it obtained that evidence and prior to the commencement of the presentation of evidence in the trial. The government has also informed the defendants that it intends to call an individual from the telephone company as a custodian of records to authenticate these telephone records. Because defendant Plunkett has failed to demonstrate particularized prejudice in this case, the government's failure to provide the name of an individual to properly authenticate the telephone records in its list of witnesses provided prior to trial will be excused.

Finally, if the court fails to grant his motion to strike the death notice or for exclusion, defendant Plunkett requests a continuance of the trial to provide additional time to reformulate his defense and to investigate the telephone log received during the jury selection process. The government has indicated that it intends to make reference to the telephone records during its opening argument. Thus, the court will permit a brief continuance until the morning of Tuesday, August 23, 2005 for opening arguments from all parties to provide counsel for defendant Plunkett adequate time to prepare. The court declines to grant any further continuance because, again, defendant Plunkett has failed to demonstrate prejudice by the late receipt of these telephone records.

Defendant Plunkett has also noted his intention to file an interlocutory appeal of the court's ruling should his motion be denied. Plunkett notes that an order denying a motion to strike a death notice as untimely filed is immediately appealable under the collateral order doctrine. See United States v. Ferebe, 332 F.3d 722, 726 (4th Cir. 2003). Again, defendant Plunkett likens this situation to an untimely death notice in that he contends that, because of the lateness of the discovery at issue here, he has been deprived of adequate time to prepare his death defense. For the reasons stated above, however, the court has held that this situation is unlike

5

that involved in an untimely filed death notice.

Furthermore, in most cases, a final judgment is the predicate for federal appellate jurisdiction. 28 U.S.C. § 1291; United States v. Lawrence, 201 F.3d 536, 537 (4th Cir. 2000). In a criminal case, the final judgment is the sentence. Id. at 538. Thus, "[p]iecemeal or interlocutory appeals are disfavored in the federal courts, especially in criminal cases." Id. at 537. The exception to this general rule is the collateral order doctrine which provides for appellate jurisdiction "for an interlocutory appeal of an order made during the course of litigation that is 'related to matters outside the stream of the main action and would not be subject to effective review as part of the final judgment of the action.'" Id. (quoting Parr v. United States, 351 U.S. 513, 519 (1956)). In other words, such jurisdiction would be appropriate where the very act of going to trial will violate the right the defendant asserts. United States v. Blackwell, 900 F.2d 742, 747 (4th Cir. 1990).

The court finds that this is not a case to which the collateral order doctrine should apply. This is not a case involving an issue which could not be subject to effective review on appeal of the final judgment such as would be the case with a double jeopardy issue or the untimely death notice noted in Ferebe, supra. Instead, the court finds that this is essentially an evidentiary dispute to which the normal rule prohibiting interlocutory appeal applies.

Even if the collateral order doctrine did apply here, however, the court finds that the case could nevertheless go forward under the rule of dual jurisdiction. Under that rule, the district court may proceed to trial while a defendant pursues an interlocutory appeal if the district court has concluded that the appeal is frivolous. United States v. Montgomery, 262 F.3d 233, 240 (4th Cir. 2001); United States v. Head, 697 F.2d 1200 (4th Cir. 1982). In this case, the court has held

Case 4:04-cr-70083-GEC   Document 520   Filed 08/23/05   Page 6 of 7   Pageid#: 1451

that defendant has failed to demonstrate any prejudice to his death defense and that the lateness of the discovery provided here is not akin to an untimely death notice. Therefore, regardless of whether defendant Plunkett chooses to file an interlocutory appeal of this court's ruling, the trial of this matter will proceed.

## CONCLUSION

For the reasons set forth above, the defendant's motion will be denied.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 23rd day of August, 2005.

/s/ Jack Conrad
United States District Judge