CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 09 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Case No. 4:04CR70083 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| LANNY BENJAMIN BODKINS ) | By: Hon. Glen E. Conrad |
| ANTOINE PLUNKETT ) | United States District Judge |
| ) | |
| Defendants. ) | |

This case is before the court on defendant Plunkett's motion for judgment of acquittal. The defendant contends that the evidence presented at trial is insufficient as a matter of law to sustain convictions on the following counts of the Superseding Indictment: Count Three, conspiracy to commit interstate stalking; Count Four, interstate stalking; and Count Five, use of a firearm to commit interstate stalking. Because the court concludes that the evidence was sufficient to sustain convictions on all three of these counts, the court will deny the defendant's motion.

A defendant can be found guilty of interstate stalking if he travels, or causes another to travel, in interstate or foreign commerce with the intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, that travel places that other person in reasonable fear of the death of or serious bodily injury to that person. 18 U.S.C. § 2261A(1). Thus, under the interstate stalking statute, the government must prove three essential elements: (1) that the defendant traveled in interstate commerce; (2) that such interstate travel was with the intent to kill, injure, or harass another; and (3) that during or after such travel, the defendant committed an act of placing another in reasonable fear of death or serious bodily injury. United

States v. Wills, 346 F.3d 476, 493-94 (4th Cir. 2003).

The defendant contends that the government failed to produce evidence to satisfy the third element of interstate stalking. Specifically, the defendant argues that the government has failed to prove that defendant Plunkett placed Tyree Wimbush in reasonable fear of death or serious bodily injury. The crime of interstate stalking is the crime of violence that must have been proved to satisfy the elements of Count Five. Therefore, if the court agrees that the evidence is insufficient to sustain a conviction for the offense of interstate stalking and conspiracy to commit interstate stalking, the court must grant the defendant's motion and enter a judgment of acquittal as to Counts Three, Four and Five. Fed. R. Crim. P. 29(a).

In support of his argument, defendant Plunkett cites United States v. Young, 202 F.3d 262, 1999 WL 1203783 (4th Cir. 1999). In Young, the Court upheld a conviction for interstate stalking where the defendant had previously harassed and violently attacked the victim. 1999 WL 1203783 at *1-3. The offense related to a later meeting requested by the defendant which the victim testified that she attended because of her fear of the defendant resulting from his previous violent acts. Id. at *3. The Court held that while the later meeting, considered in isolation, may not have satisfied the requirement that the victim be placed in reasonable fear of death or serious bodily injury, that meeting combined with the testimony of "repeated violent episodes and unrelenting threats to her safety" was adequate to support the defendant's conviction for interstate stalking. Id.

Defendant Plunkett contends that there was no such pattern of intimidation in this case and that, in fact, the government presented no evidence that he had threatened or otherwise intimidated Tyree Wimbush. Instead, Plunkett points to evidence demonstrating that he and

2

Tyree Wimbush were friendly acquaintances. The defendant also contends that Wimbush approached the car driven by Bodkins and Taylor of his own volition and would not have done so had he been in fear for his life. The court notes, however, that the testimony at trial established that Tyree Wimbush approached the passenger side of the vehicle where Bodkins, the gunman, was sitting. Therefore, a logical inference is that Wimbush observed Bodkins holding the gun, at least momentarily, before he was shot.

There is no requirement in the statute that the victim's reasonable fear of death or serious bodily injury must last for some particular period of time. In fact, the court believes that imposing a temporal requirement on the statute would defeat its purpose. Therefore, the court finds that as long as the victim actually experienced a reasonable fear of death or serious bodily injury at some point, regardless of how short that period of time was, the third element of the offense of interstate stalking is satisfied. See also, United States v. Wills, 346 F.3d 476, 494 (4th Cir. 2003) (approving jury instruction in which district court stated that government was required to prove that "*at some point*, the victim . . . was reasonably fearful of death or serious bodily injury") (emphasis added).

In this case, the defendant is correct that there is no evidence to show that Tyree Wimbush was in fear of death or serious bodily injury when he initially approached the vehicle or that defendant Plunkett had previously behaved in such a way as to intimidate Wimbush. Nevertheless, because the court finds that the evidence is sufficient to prove that the firearm was held in such a manner that Tyree Wimbush would (or could) have observed the firearm pointed at his person before he was shot, the court also finds that the jury could have reasonably found beyond a reasonable doubt that Tyree Wimbush did experience a reasonable fear of death or

3

serious bodily injury. Furthermore, there appears to be no dispute with regard to the remaining elements of interstate stalking. As a result, defendant's motion for judgment of acquittal as to Counts Three, Four and Five of the Superseding Indictment must fail.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 9th day of September, 2005.

*[signature]*
United States District Judge