IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 4:04CR70083 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| ANTHOINE PLUNKETT, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Defendant Anthoine Plunkett, a federal inmate, has filed a pro se submission that the court has construed and conditionally docketed as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. After consideration of the record, the court concludes that the motion must be summarily dismissed as successive.[1]

I. Background.

The facts of these criminal proceedings have been recounted in detail elsewhere. See United States v. Bodkins, 274 F. App'x 294, 295-297 (4th Cir. 2008) (unpublished). The government's evidence was that Plunkett, a black drug dealer, hired Lanny Bodkins and Keith Taylor, both white drug users who also sold drugs, to murder Tyree Wimbush. Plunkett mistakenly believed Wimbush was a confidential informant for local law enforcement. On July 22, 1999, Bodkins and Taylor drove from Tennessee to Danville, Virginia, to carry out the murder. Bodkins shot Wimbush three times, killing him.

A grand jury of this court returned an indictment in February 2005, charging Plunkett, Bodkins, and Taylor with conspiracy to travel in interstate commerce with the intent to commit murder for pecuniary gain (Count One); travel in interstate commerce with the intent to commit

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the court must summarily dismiss a § 2255 motion where it is clear from the motion, the attachments, and the record of prior proceedings that the defendant is not entitled to relief.

murder for pecuniary gain, aiding and abetting (Count Two); conspiracy to travel in interstate commerce with the intent to commit interstate stalking (Count Three); travel in interstate commerce with the intent to commit interstate stalking, aiding and abetting (Count Four); and use of a firearm during and in relation to a crime of violence resulting in death, aiding and abetting (Count Five).  The government filed notices to seek the death penalty against Bodkins and Plunkett.

Taylor had confessed to his involvement in Wimbush's murder in September of 2002 and agreed to plead guilty to Counts One and Five, pursuant to a plea agreement.  Before trial, counsel for the government provided Plunkett's counsel with a tape and transcript of a statement Taylor gave on September 19, 2002.  The government also offered Plunkett a sentence reduction for his assistance, either to persuade Bodkins to plead guilty or to provide testimony against Bodkins at trial.  Bodkins also unsuccessfully sought a plea bargain for less than a life sentence and made a proffer to the government, providing information of substantial benefit to the case against him and Plunkett.

At trial, Taylor testified about the group's planning and execution of the murder.  Bodkins took the stand on his own behalf and testified to facts consistent with the government's case.  On September 2, 2005, the jury found Plunkett and Bodkins guilty on all counts.  The government withdrew the death notices for both defendants.  The court sentenced both men to life in prison without parole on Counts One, Two, and Three, and to concurrent terms of years on the remaining counts. On appeal, the Fourth Circuit affirmed the judgment.  Id. at 297-99.

In December 2009, Plunkett filed a § 2255 motion, raising over two dozen claims.  Among other things, he contended that the government had (a) cut out part of the recording of Taylor's initial statement about the murders, (b) surprised the defense with previously undisclosed evidence

found in the victim's pants pocket, (c) altered the trial exhibit list to cover up that late disclosure, (d) inaccurately transcribed Investigator Rigney's trial testimony to disguise the parties' shock at finding evidence in the pants pocket, and (e) withheld information about the plea offer to Bodkins. Plunkett also raised claims that his attorneys provided ineffective assistance at trial and on appeal. In a thirty-three-page memorandum opinion and order, the court granted the government's motion to dismiss, finding all of Plunkett's § 2255 claims to be without merit. United States v. Plunkett, No. 4:04CR70083, No. 4:09CV80205, Opin. and Order, ECF Nos. 894-95 (W.D. Va. June 6, 2011). Plunkett's § 2255 appeal was unsuccessful.

Now, nearly ten years later, Plunkett has filed a "motion to nullify/void/and set aside judgments based upon 'fraud upon the court,'" pursuant to Rule 60(d) of the Federal Rules of Civil Procedure. Finding that the motion reasserts legal claims about alleged shortcomings in the criminal proceedings, the court denied the motion and construed it instead as a second § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (recognizing that a motion to reconsider in a § 2255 case must be construed as a successive § 2255 if it challenges validity of criminal proceedings).

Plunkett's current § 2255 motion alleges that the government engaged in a pattern of fraud before and during the criminal proceedings that purportedly tainted his appeal and his prior § 2255 proceeding. Based on evidence he has developed since his prior § 2255 motion through hired forensics experts and document production requests, Plunkett claims that the government (a) tampered with the trial exhibit list to hide the mid-trial discovery of evidence found in the victim's pants pocket and inaccurately transcribed witness testimony about that evidence; and (b) altered a video recording and transcript of Taylor's initial statement about the murder. In support of these claims, Plunkett submits a July 2016 affidavit from Wendy Carlson, forensic document examiner,

3

noting discrepancies she interprets as evidence that the trial exhibit list document was "altered or tampered with," Pet. Ex. A, Carlson Aff. ¶ 12, ECF No. 949-3.  Plunkett also submits an April 2019 report by Barry G. Dickey, forensic audio/video analyst, who examined a copy of a compact disc ("CD") of Taylor's initial statement from the trial record and opined "that several anomalies exist on the digital copy that question it's [sic] reliability as an accurate, complete, and continuous representation of events," Pet. Ex. B, at 4, ECF No. 949-4.  In addition, Plunkett attaches affidavits about difficulties staff at the United States Attorney's Office encountered when gathering documents to respond to Plunkett's requests under the Freedom of Information Act ("FOIA") in 2008-2009 and 2013-2015, Pet. Ex. L, ECF No. 949-14; and correspondence from the court from 2011 about the transcript of Rigney's testimony and from 2017, stating that the requested audio recording of Rigney's testimony did not exist at that time, Pet. Ex. M & N, ECF Nos. 949-16 & 949-17.  Based on this "new" evidence and other evidence in the record of his case, Plunkett demands relief under Rule 60(d)(3), based on the government's purported "fraud upon the court."  Specifically, Plunkett asks the court to bring him before the court for an immediate hearing, to conduct an investigation into his entire case record, to issue a preservation order for all remaining evidence, to prohibit any retaliatory action against him, to grant the § 2255 motion, to set aside "the judgment" pursuant to Rule 60(d)(3), to dismiss the indictment with prejudice, to order that Plunkett be immediately released from prison, and to hold unspecified state and federal officials in criminal contempt for fraudulent tampering with evidence.  Pet. 116, ECF No. 949.

## II.  Motion for Disqualification or Recusal.

Plunkett has moved for the undersigned to disqualify himself from presiding over his present motions, pursuant to 28 U.S.C. § 455(a) and (b)(1)-(b)(5).  Specifically, Plunkett complains that the court ruled against him in his criminal proceedings and in his prior § 2255

proceeding. Plunkett asserts that the undersigned's "impartiality might reasonably be questioned in light of the specific allegations and contentions" supporting Plunkett's current claims of "fraud upon the court" under Rule 60(d)(3), as indicated by the reports from his forensics experts. Mot. Disqual. 3, ECF No. 945. Plunkett also contends that the court's word choice in a prior opinion demonstrates prejudice against him.[2]

A federal judge is obliged to recuse himself if a person with knowledge of the relevant facts might reasonably question his impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (citing 28 U.S.C. § 455(a)).

> The test is an objective one. . . . In other words, "[d]isqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial. A presiding judge is not, however, required to recuse himself simply because of "unsupported, irrational or highly tenuous speculation.

Id.[3] A judge's comments regarding a party's case provide a possible basis for disqualification or recusal only if they stem from "a source outside the judicial proceeding at hand" that "result[s] in an opinion on the merits [of a case] on some basis other than what the judge learned from his participation in the case." Litecky v. United States, 510 U.S. 540, 545 & n.1 (1994). Judicial rulings and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings" almost "never constitute a valid basis for a bias or partiality motion." Id. at 555.

---

[2] In denying Plunkett's previous § 2255 motion, the court stated, "Plunkett's assertions that the exhibit list and transcripts of Rigney's testimony have been nefariously altered by the government are spurious." Mem. Op. 16, ECF No. 894 (emphasis added).

[3] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

Plunkett's motion presents no factual basis under these principles requiring the court to disqualify itself from deciding his motions. On the contrary, the court's comments in the prior § 2255 opinion were not directed at the litigant, but rather, characterized only the claim and the lack of factual support offered for it in that proceeding. Furthermore, Plunkett merely speculates that the court would be unable to act impartially on the current motion, after hearing or viewing the government's alleged fraudulent representations in prior proceedings in this case. Such speculation presents no reasonable basis for questioning the court's impartiality. For the reasons stated, the court will deny Plunkett's motion seeking disqualification and reassignment to another judge.

### III.  Discussion of Successive § 2255 Motion.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Specifically, a successive § 2255 motion will be certified under this section for consideration only if the court of appeals determines that it contains

> newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §§ 2244(h)(1) and (2).

On the other hand, not every numerically second petition is a second or successive petition under § 2255(h) so as to require certification from the court of appeals. See Panetti v. Quarterman, 551 U.S. 930, 943–44 (2007); In re Williams, 444 F.3d 233, 235 (4th Cir. 2006). Specifically, "a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) when the factual basis for the motion did not come into existence until after a prior

6

motion was filed." United States v. Hayes, 352 F. Supp. 3d 629, 635 (W.D. Va. 2019) (citing United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014) (holding that subsequent § 2255 motion challenging sentence enhancement, based on new fact—post-§ 2255 vacatur of a predicate conviction—was not successive)). Where the facts from which the claim arises did not exist when the defendant filed his numerically first § 2255 motion, his claim was previously "unripe," and his second motion raising those new facts is not barred as successive. Id. at 635-36.

This exception to the successive petition bar does not apply to claims that the government failed to disclose evidence, contrary to its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). Indeed, courts have consistently distinguished between second § 2255 motions containing claims based on a factual predicate that came into being after the first § 2255 proceeding and those containing claims that were ripe at the conclusion of a first § 2255 proceeding, but were not discovered or developed until later. Hayes, 352 F. Supp. 3d at 637 (citing cases).

Against this legal "backdrop," id., the court must conclude that Plunkett has raised no claims in his current motion based on facts that did not exist at the time of trial.[4] His later gathering of documentation and development of expert opinions about those preexisting facts cannot propel his claims past the successive petition bar in § 2255(h). At the heart of his allegations is his insistence that the government did not turn over facts that it had in its possession at the time of trial on which he could have bolstered his initial § 2255 claims under Brady or Giglio. Indeed, in that first § 2255 motion, Plunkett presented claims substantially similar to his present ones. His current § 2255 motion essentially seeks to renew his prior claims using additional, later obtained

---

[4] Because the allegedly concealed or altered evidence to which Plunkett refers existed at the time of trial, the court found no basis on which to consider his submission as one arising under Rule 60(d)(3), claiming fraud on the court during the initial § 2255 proceedings.

7

expert opinions and documentation. This second-filed § 2255 motion, based on preexisting facts that he only obtained later—whether because of alleged government nondisclosure, concealment, or other factors—is "precisely the type of situation" for which § 2255(h) was designed to address. See Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000) (applying same principle to second § 2254 habeas petition); see also Gage v. Chappell, 793 F.3d 1159, 1165 (9th Cir. 2015) (distinguishing between claims in which the factual predicate came into existence after the first habeas petition was filed and claims that qualify as second or successive because they were ripe at the time the first habeas petition was filed).

For the stated reasons, the court concludes that Plunkett's current § 2255 is a successive one under § 2255(h) which this court cannot consider absent certification by the United States Court of Appeals for the Fourth Circuit. Plunkett has not provided evidence that he has obtained this certification. Accordingly, the court must dismiss his current motion without prejudice as successive. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant and to counsel of record for the government.

**ENTER**: This \_\_9th\_\_ day of July, 2020.

*[signature]*
Senior United States District Judge