FILED: March 31, 2021

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-207
(4:04-cr-70083-GEC-2)

In re: ANTHOINE PLUNKETT,

        Movant.

O R D E R

Anthoine Plunkett has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) for authorization to file a second or successive § 2255 motion raising four grounds for relief. Based on our review of the record, we conclude that Plunkett has made a prima facie showing under 28 U.S.C. § 2255(h) as to one of his claims: that his conviction under 18 U.S.C. § 924(j) is invalid in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague). *See In re Thomas*, 988 F.3d 783, 789 (4th Cir. 2021) (holding *Davis* announced new rule of constitutional law that is retroactive to cases on collateral review). We conclude that Plunkett has not made the requisite showing as to the remainder of his proposed grounds for relief. We therefore grant Plunkett's motion to exceed length limitations and grant Plunkett authorization to file a second or successive § 2255 motion addressing the validity of his § 924(j) conviction,

thus permitting consideration of the motion by the district court in the first instance. We deny Plunkett's motion as to all other claims.

    Entered at the direction of the panel: Judge Motz, Judge Agee, and Senior Judge Shedd.

    For the Court

    <u>/s/ Patricia S. Connor, Clerk</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**
1100 East Main Street, Suite 501, Richmond, Virginia 23219

March 31, 2021

_____

NOTICE OF AUTHORIZATION
_____

No. 20-207,   <u>In re: Anthoine Plunkett</u>
                4:04-cr-70083-GEC-2

TO: Parties and Counsel

The court has authorized a successive application for post-conviction relief in this case.

In accordance with Local Rule 22(d), the post-conviction application attached to the motion for authorization is being transferred to the district court with the order granting authorization. Any proposed amendment to the post-conviction application should be filed in the district court rather than in the court of appeals.

Ashley Brownlee, Deputy Clerk