CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 14 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:04CR70083 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| ANTHOINE PLUNKETT, | ) | By: Hon. Michael F. Urbanski |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Defendant Anthoine Plunkett, a federal inmate, has filed a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. After consideration of the record, the court concludes that the motion must be summarily dismissed as successive.[1]

The facts of these criminal proceedings have been recounted in detail elsewhere. See United States v. Bodkins, 274 F. App'x 294, 295-297 (4th Cir. 2008) (unpublished). The government's evidence was that Plunkett, a drug dealer, hired Lanny Bodkins and Keith Taylor, both drug users who also sold drugs, to murder Tyree Wimbush. Plunkett mistakenly believed Wimbush was a confidential informant for local law enforcement. On July 22, 1999, Bodkins and Taylor drove from Tennessee to Danville, Virginia, to carry out the murder. Bodkins shot Wimbush three times, killing him.

A grand jury of this court returned an indictment in February 2005, charging Plunkett, Bodkins, and Taylor with conspiracy to travel in interstate commerce with the intent to commit murder for pecuniary gain and related counts. Taylor had confessed to his involvement in Wimbush's murder in September of 2002 and pleaded guilty to two counts, pursuant to a plea agreement. Before trial, the government offered Plunkett a sentence reduction for his assistance,

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the court must summarily dismiss a § 2255 motion where it is clear from the motion, the attachments, and the record of prior proceedings that the defendant is not entitled to relief.

either to persuade Bodkins to plead guilty or to provide testimony against Bodkins at trial. Bodkins also unsuccessfully sought a plea bargain for less than a life sentence and made a proffer to the government, providing information of substantial benefit to the case against him and Plunkett. The prosecutors did not inform Plunkett's defense counsel before trial of Bodkins' proffer or the plea offer he had rejected—whereby he would receive a life sentence if he would testify for the government.

At trial, Taylor testified about the group's planning and execution of the murder. Bodkins later took the stand and testified to facts consistent with the government's case. On September 2, 2002, the jury found Plunkett and Bodkins guilty on all counts, the court sentenced them to life in prison, and on appeal, the court of appeals affirmed, and the Supreme Court denied certiorari. In December 2009, Plunkett filed a § 2255 motion, raising over two dozen claims that were all dismissed; his appeal was unsuccessful. See ECF Nos. 894-95, 903. The record reflects other meritless post-conviction proceedings as well.

Plunkett's current § 2255 motion asserts claims of ineffective assistance and prosecutorial misconduct, in large part repetitious of claims raised in his prior § 2255 motions about purported constitutional violations that occurred during trial proceedings or during handling of certain records related to those proceedings. Plunkett also asserts a new claim under a recent Supreme Court decision, claiming that he is entitled to relief under its ruling. After careful review of his submissions, the court concludes that Plunkett has provided no ground on which this court may currently consider his § 2255 claims.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255(h). Plunkett has not provided evidence that he

has obtained such certification. Accordingly, the court must dismiss his current § 2255 motion without prejudice as successive. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to defendant and to counsel of record for the government.

**ENTER**: This 14th day of July, 2021.

Michael F. Urbanski
Chief U.S. District Judge
2021.07.14 00:31:13 -04'00'

_____
Chief United States District Judge