IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  4:04CR70083 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| ANTHOINE PLUNKETT, | ) | |
| | ) |  By: Hon. Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |
| | ) | |

Defendant Anthoine Plunkett, a federal inmate, has filed a subsequent motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, which the court summarily dismissed. After consideration of the record, the court concludes that Plunkett's motion for reconsideration must be granted, and that the Opinion and Order of July 14, 2021, must be vacated in part, so that the court may consider one of Plunkett's proposed claims under § 2255.

The facts of these criminal proceedings have been recounted in detail elsewhere. See United States v. Bodkins, 274 F. App'x 294, 295-297 (4th Cir. 2008) (unpublished).  The government's evidence was that Plunkett, a drug dealer, hired Lanny Bodkins and Keith Taylor, both drug users who also sold drugs, to murder Tyree Wimbush. Plunkett mistakenly believed Wimbush was a confidential informant for local law enforcement.  On July 22, 1999, Bodkins and Taylor drove from Tennessee to Danville, Virginia, to carry out the murder. Bodkins shot Wimbush three times, killing him.

A grand jury of this court returned an indictment in February 2005, charging Plunkett, Bodkins, and Taylor with conspiracy to travel in interstate commerce with the intent to commit murder for pecuniary gain and related counts. Among other things, Plunkett was charged with a violation of 18 U.S.C. § 924(j).  On September 2, 2002, the jury found Plunkett and Bodkins guilty on all counts. The court sentenced them to life in prison, the court of appeals affirmed, and the

Supreme Court denied certiorari. In December 2009, Plunkett filed a § 2255 motion, raising over two dozen claims that were all dismissed; his appeal was unsuccessful. See ECF Nos. 894-95, 903.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255(h). Plunkett's most recent § 2255 motion, ECF No. 967, asserted claims of ineffective assistance and prosecutorial misconduct, in large part repetitious of claims raised in his prior § 2255 motions about purported constitutional violations that occurred during trial proceedings or during handling of certain records related to those proceedings. Plunkett also presented a new claim, asserting that his conviction under 18 U.S.C. § 924(j) was invalid in light of United States v. Davis, 139 S. Ct. 2319 (2019) (holding 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague). Plunkett presented this § 2255 motion to the court of appeals, seeking certification to bring his § 2255 claims in a second or successive motion. By Order entered March 31, 2021, the court of appeals held: "Plunkett has made a prima facie showing under 28 U.S.C. § 2255(h) as to his claim that his conviction under 18 U.S.C. § 924(j) is invalid" after Davis, 139 S. Ct. 2319. Order 1, ECF No. 966. The court of appeals also ruled, however, that Plunkett "ha[d] not made the requisite showing as to the remainder of his proposed grounds for relief," and denied relief as to all such claims. Id. at 1-2.

By Opinion and Order entered July 14, 2021, the court inadvertently relied on later court of appeals' rulings regarding other Plunkett submissions. Based on these later rulings, the court erroneously found that Plunkett had not provided evidence that the court of appeals had certified any of his proposed § 2255 claims for consideration by the district court. Plunkett has now filed a motion for reconsideration of that ruling, which the court will grant.

Based on review of the record and for the reasons stated, it is **ORDERED** as follows:

1. The defendant's motion, ECF No. 982, is **GRANTED**;

2. The court's Opinion and Order entered July 14, 2021, ECF Nos. 980 and 981, are hereby **VACATED IN PART**, such that the defendant's claim under <u>Davis</u>, 139 S. Ct. 2319, in ECF No. 967, challenging the validity of the defendant's conviction under 18 U.S.C. § 924(j), is hereby **REINSTATED** to the active docket;

3. Pursuant to the court of appeals' ruling in ECF No. 966, all other § 2255 claims that the defendant raised in ECF No. 967 remain **DISMISSED** and should not be briefed or discussed by the parties;

4. The Clerk shall **SERVE** defendant's § 2255 motion, ECF No. 967, on the United States Attorney for the Western District of Virginia in accordance with the Agreement on Acceptance of Service, along with a copy of this Opinion and Order;

5. The United States shall **ANSWER** or otherwise respond to the <u>Davis</u> claim in the § 2255 motion within sixty days of this order's entry, and the defendant shall have twenty-one days thereafter to file a response.

6. The defendant shall **NOTIFY** the court immediately after he is transferred or released and provide a new mailing address. FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE WILL RESULT IN DISMISSAL OF THIS ACTION; and

7. The Clerk is directed to **SEND** copies of this Opinion and Order to the defendant and to counsel of record for the United States.

**ENTER**: This 3rd day of August, 2021.

Michael F. Urbanski
Chief U.S. District Judge
2021.08.03 16:36:48 -04'00'

_____
Chief United States District Judge