**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**DANVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 4:04CR70083 |
| | : | |
| ANTHOINE PLUNKETT | : | |

**UNITED STATES' RESPONSE TO PETITIONER'S MOTION**
**FOR RELIEF PURSUANT TO TITLE 28, UNITED STATES CODE,**
**SECTION 2255**

Anthoine Plunkett filed a second or successive Motion to Dismiss pursuant to

28 U.S.C. § 2255 on March 31, 2021. ECF No. 967. The Court of Appeals granted

authorization for a single claim to proceed, specifically whether Plunkett's conviction

under 18 U.S.C. §924(j)—use of firearm during and in relation to a crime of violence,

interstate stalking, resulting in death—remains valid after *United States v. Davis*,

139 S.Ct. 2319 (2019), where the crime of violence is interstate stalking. ECF No. 966;

*see also* Aug. 4, 2021 Mem. Op. and Order, at ECF No. 983. Given the facts if this

case and for the reasons set forth below, the United States does not contest Plunkett's

*Davis* claim.

**FACTS AND PROCEDURAL HISTORY**

The facts and procedural history of Plunkett's case are set out in the Court of

Appeals decision affirming Plunkett's conviction at *United States v. Bodkins*, 274

1

Fed.Appx. 294 (4th Cir. 2008). Of particular relevance to the issue in this Petition is that Plunkett, who was a drug dealer, hired Larry Bodkins and Darel Taylor to murder Tyree Wimbush, believing Wimbush to be a confidential informant for local police. 274 Fed.Appx. at 296. On July 22, 1999, Bodkins and Taylor traveled from Johnson City, Tennessee to Danville, Virginia, where they shot Wimbush three times, killing him. *Id.* They were indicted by the federal grand jury on February 17, 2005, as follows:

| Count 1 | Conspiracy to travel in interstate commerce with the intent to commit murder for pecuniary gain, resulting in death | 18 U.S.C. § 1958(a) |
|---------|---|---|
| Count 2 | Travel in interstate commerce with the intent to commit murder for pecuniary gain & aiding and abetting, resulting in death | 18 U.S.C. §§ 2, 1958(a) |
| Count 3 | Conspiracy to travel in interstate commerce with the intent to commit interstate stalking | 18 U.S.C. § 371 |
| Count 4 | Travel in interstate commerce with the intent to commit interstate stalking | 18 U.S.C. §§ 2, 2261A(1) |
| Count 5 | Use, and aiding and abetting the use, of a firearm of a firearm during and in relation to a crime of violence resulting in death | 18 U.S.C. §§ 924(c), 924(j) |

ECF No. 132.

Plunkett was convicted by a jury on September 2, 2005, on all five counts. ECF No. 561.

Counts 1, 2, and 5 each carried a mandatory minimum sentence of life imprisonment. 18 U.S.C. § 1958(a); 18 U.S.C. § 924(j). Count 3 carried a maximum penalty of 5 years. 18 U.S.C. § 371. Count 4 carried a mandatory minimum sentence of life imprisonment "if death results," otherwise, absent another aggravating factor, the maximum penalty was five years. 18 U.S.C. § 2261(b).

Based upon the jury verdict, Plunkett was sentenced on June 12, 2006, to 60 months on Count 3, concurrent life sentences on Counts 1, 2, and 4, and a consecutive life sentence on Count 5, plus five years supervised release. ECF Nos. 748, 749.

Plunkett appealed, and the Fourth Circuit affirmed his conviction. 274 Fed.Appx. at 302. He filed for a petition for writ of certiorari, which was denied by the Supreme Court on December 1, 2008. *Plunkett v. United States*, 555 U.S. 1050 (U.S. Dec. 1, 2008).

Plunkett filed a previous § 2255 petition on December 2, 2009, and a Memorandum in Support on August 23, 2010. ECF No. 845, 859; *see also* Mem. Op., at 2-3, June 6, 2011; ECF No. 894 (listing claims raised by Plunkett). The United States filed a motion to dismiss in response on January 21, 2011. ECF No. 875. The petition was denied by the Honorable Glen E. Conrad on June 6, 2011. ECF Nos. 893, 895.

Authorization for the instant petition was granted by the Court of Appeals, and the petition filed on March 31, 2021. ECF Nos. 966, 967. Although Plunkett raised other claims in his proposed § 2255 petition, authorization from the Court of Appeals was limited to whether "his conviction under 18 U.S.C. § 924(j) is invalid in light of

3

*United States v. Davis*, 139 S.Ct. 2319 (2019)." ECF No. 966 at 1. The Court concluded "Plunkett has not made the requisite showing as to the remainder of his proposed grounds for relief." *Id.*

Plunkett did not raise the claim in his current petition in the district court, on appeal, or in his previous § 2255.

## DISCUSSION OF COUNT FOUR

In preparing its Response to Plunkett's petition, the United States has determined there appears to be an *Apprendi* error in Count Four. Plunkett has not raised this claim nor gained authorization to raise it from the Court of Appeals. Given the verdicts and sentences imposed on the other counts, this Court should decline to recognize the error.

Plunkett was sentenced to life imprisonment on the interstate stalking charge in Count Four. The applicable penalty provision provides for mandatory life imprisonment "if death results." 18 U.S.C. § 2261(b)(1). If permanent disfigurement or life-threatening bodily injury results, the maximum penalty is 20 years; if serious bodily injury results, the maximum penalty is 10 years. 18 U.S.C. § 2261(b)(2)-(3). Absent one of those aggravating circumstances, the maximum penalty is 5 years. 18 U.S.C. § 2261(b)(5). Because of each aggravating circumstance increases the maximum penalty (and is not the fact of a prior conviction), it must be charged in the indictment and proven to the jury. *Apprendi*, 530 U.S. at 490. Despite the life sentence Plunkett received, the indictment did not in fact charge "if death of the

4

victim results." Thus, it appears there is an *Apprendi* error as to that count.

*Apprendi* errors are not normally retroactive on collateral review. *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001). However, *Apprendi* was the law at the time of Plunkett's indictment and conviction, and thus applied to his case from the outset. *Whorton v. Bockting*, 549 U.S. 406 (2007) ("an old rule applies both on direct and collateral review").

However, this Court can decline to review and correct that error as it will have no impact on Plunkett's sentence.

As the Fourth Circuit has explained, the concurrent sentence doctrine permits the Court to decline to review and correct a concurrent sentence when its alteration would not affect the other valid concurrent sentences:

> The "concurrent sentence doctrine" authorizes a court to leave the validity of one concurrent sentence unreviewed when another is valid and carries the same or greater duration of punishment so long as there is *no substantial possibility* that the unreviewed sentence will adversely affect the defendant or, stated otherwise, so long as it can be foreseen *with reasonable certainty* that the defendant will suffer no adverse collateral consequences by leaving it unreviewed.

*United States v. Charles*, 932 F.3d 153, 155 (4th Cir. 2019).

In addition, the Court has the authority to decline to recognize *Apprendi* errors where the verdict "necessarily established" the defendant was guilty of the omitted aggravating factor. *United States v. Promise*, 255 F.3d 150, 162 (4th Cir. 2001). The verdict in this case did necessarily establish Plunkett's guilt on the death-results element. Counts One, Two, and Five arose from the same course of conduct. The jury found (and the Court of Appeals affirmed) that death resulted in Counts One and Two

5

and found intentional murder in Count Five. Thus, the verdict unequivocally establishes that death resulted from the interstate stalking as well.

Addressing an *Apprendi* error on Count Four will have no impact on the mandatory life sentences imposed on Counts One and Two. And, alternatively, the jury's guilty verdicts on Counts One, Two, and Five establish beyond a reasonable doubt that death resulted from the interstate stalking. This Court can—and should—decline to correct the sentence on Count Four.

## LEGAL BACKGROUND

After conviction and exhaustion of appeals, the Court is "entitled to presume that [a defendant] stands fairly and finally convicted."  *United States v. Frady*, 456 U.S. 152, 164 (1982). In order to overcome this presumption and obtain relief on a motion under 28 U.S.C. § 2255, a defendant must establish an error of "constitutional or jurisdictional magnitude" or an error which "could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *United States v. Shaid*, 937 F.2d 228, 233 & n.7 (5th Cir. 1991) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Errors of law and errors of fact do not provide a basis for collateral attack unless an error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

In *United States v. Davis*, 139 S.Ct. 2319 (2019), the Supreme Court invalidated as unconstitutionally vague the residual clause of 18 U.S.C. § 924(c)'s

6

definition of "crime of violence." After *Davis*, a predicate offense qualifies as a "crime of violence" only if it qualifies as a crime of violence under the force (or elements) clause, that it "has as an element the use, attempted use, or threatened use or physical force against the person or property of another," under 18 U.S.C. § 924(c)(3)(A). *Davis* was a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *In re Thomas*, 988 F.3d 783, 788 (4th Cir. 2021). Thus, even on collateral review, a defendant's § 924(c) conviction remains valid only if it relies on a predicate offense which is a crime of violence under the force clause. *United States v. Thompson*, No. 19-7586, 2021 WL 4521111, at *1 (4th Cir. 2021) (unpublished).

To determine when an offense qualifies as a crime of violence under the force clause, the court applies the categorical or modified categorical approach. *United States v. Bryant*, 949 F.3d 168, 172 (4th Cir. 2020). Where a "predicate statute 'sets out a single (or 'indivisible') set of elements to define a single crime," the categorical approach is used. *Id.* (quoting *Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016). The Fourth Circuit has explained the categorical approach as follows:

> Under this approach, we focus on "the *elements* of the prior offense rather than the *conduct* underlying the conviction," *United States v. Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013), and ask whether those elements "necessarily require the use, attempted use, or threatened use of physical force," *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019). If the "minimum conduct necessary" to sustain a conviction under the predicate statute does not require the use, attempted use, or threatened use of force, *see Castillo v. Holder*, 776 F.3d 262, 267 (4th Cir. 2015), then the offense "is not 'categorically' a crime of violence under the force clause." *Walker*, 934 F.3d at 378 (quoting *Simms*, 914 F.3d at 233). In undertaking this inquiry, however,

7

we must ensure that there is a "realistic probability," rather than a "theoretical possibility," that the minimum conduct would actually be punished under the statute. *Moncrieffe v. Holder*, 569 U.S. 184, 191, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007)).

The "modified" categorical approach is simply "a tool for implementing the categorical approach." *Descamps*, 570 U.S. at 262, 133 S.Ct. 2276; *see also Mathis*, 136 S. Ct. at 2249 (describing modified categorical approach as aid for determining "what crime, with what elements, a defendant was convicted of"). We apply this approach in the " 'narrow range of cases' " involving a "divisible" statute. *Descamps*, 570 U.S. at 261, 133 S.Ct. 2276 (quoting *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)).

A divisible statute is one that lists "potential offense *elements* in the alternative," and thus includes "multiple, alternative versions of the crime." *Id.* at 260, 262, 133 S.Ct. 2276 (emphasis added). A statute that merely lists alternative means of committing a crime is not divisible. *Mathis*, 136 S. Ct. at 2249; *see also Omargharib v. Holder*, 775 F.3d 192, 198 (4th Cir. 2014) ("[A] crime is divisible under *Descamps* only if it is defined to include multiple alternative *elements* (thus creating multiple versions of a crime), as opposed to multiple alternative *means* (of committing the same crime). Elements, as distinguished from means, are factual circumstances of the offense the jury must find unanimously and beyond a reasonable doubt." (citations and internal quotation marks omitted)).

If a court determines that the underlying statute is divisible, and that application of the modified categorical approach is therefore appropriate, then it may examine a limited set of documents, such as "the indictment, jury instructions, or plea agreement and colloquy," *Mathis*, 136 S. Ct. at 2249, for the sole purpose of determining "which of the statute's alternative elements formed the basis of the defendant's prior conviction," *Descamps*, 570 U.S. at 262, 133 S.Ct. 2276. And once a court has isolated the specific crime of conviction, it must apply the traditional categorical approach outlined above to determine whether that crime constitutes a "crime of violence" under § 924(c)'s force clause. *See Mathis*, 136 S. Ct. at 2249, 2256; *cf. Mathis*, 932 F.3d at 265 & n.23.

*United States v. Bryant*, 949 F.3d 168, 172–73 (4th Cir. 2020).

## ANALYSIS

**I.     Interstate Stalking, in violation of 18 U.S.C. § 2261A, without any aggravating enhancement, is no longer a crime of violence under 18 U.S.C. § 924(c).**

Section 924(c) makes it a crime to use or carry a firearm during and in relation to, or to possess a firearm in furtherance of, a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute defines a "crime of violence" as a federal felony offense that either (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A) – known as the elements or force clause; or, (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," 18 U.S.C. § 924(c)(3)(B) – known as the residual clause. In *Davis*, the Supreme Court determined the residual clause is unconstitutionally vague, following its decisions in *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). Thus, only the force clause remains to define a crime of violence.

To determine whether an offense qualifies as a crime of violence under the force clause, the Fourth Circuit applies the categorical approach or the modified categorical approach, depending on whether the statute sets out divisible alternate offenses or includes only alternate means of committing a single offense. *E.g., United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016). The categorical approach focuses "on the elements of the prior offense rather than the conduct underlying the

9

conviction." *United States v. Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013) (citation omitted). In a "narrow range of cases," involving statutes that are comprised of "multiple, alternative versions of the crime," *i.e.*, a divisible statute, the modified categorical approach applies. *Descamps v. United States*, 570 U.S. 254, 261–62 (1990). When confronted with a divisible statute, the Court will review certain underlying documents, including the indictment, "to determine what crime, with what elements," formed the basis of a defendant's conviction. *Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016) (citations omitted).

Count Five, which Plunkett challenges now, is a conviction pursuant to 18 U.S.C. § 924(j). The underlying crime of violence, as stated in the indictment, is interstate stalking, that is "travel in interstate commerce with the intent to kill, injure, harass, and intimidate another person" and, "as a result of such travel, placed [the victim] in reasonable fear of death or seriously bodily injury," in violation of 18 U.S.C. § 2261A(1), as charged in Count Four.[1] However, the statute can also be violated by other means. If, during the course of the conduct, the defendant "causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress," it is a violation of 18 U.S.C. § 2261A(1)(B). The body of § 2261A does not appear divisible, meaning each of these elements create alternative means of committing a violation, not separate offenses. Because "harass" and "causes . . . substantial emotional distress" do not necessarily involve force, the United States

---

[1] The United States notes, however, Count Five did not reference or expressly incorporate Count Four.

does not contest Plunkett's claim that his interstate stalking charge is no longer categorically a crime of violence. In accordance with *Davis*, it is not a viable predicate for a § 924(j) offense. For that reason, the United States does not contest that Plunkett is entitled to relief.[2]

The United States does note that had the indictment been charged differently, with the death-results element included, the interstate stalking offense would remain a crime of violence. It is impossible to commit a crime such as interstate stalking resulting in death without that offense categorically requiring the use of force. *See In re Irby*, 858 F.3d 231, 234 (4th Cir. 2017) ("one cannot unlawfully kill another human being without a use of physical force capable of causing physical pain or injury to another"); *United States v. Mathis*, 932 F.3d 242, 265 (4th Cir. 2019) (holding that Virginia's first-degree murder statute, Va. Code § 18.2-32, which mirrors the federal murder statute, categorically meets the requirements of the force clause); *Burrage v. United States*, 571 U.S. 204, 214 (2014) ("a phrase such as 'results from' imposes a requirement of but-for causation"); *United States v. Hayes*, 589 F.2d 811, 821 (5th Cir. 1979) (holding that the "death results" provision of 18 U.S.C. § 242 incorporates general principles of causation and noting that death would not "result" from a Section 242 violation if the victim is struck by lightning while being detained pursuant to an illegal arrest); *United States v. Lucas*, 836 Fed.Appx. 142, 148-18 (4th

---

[2] Plunkett procedurally defaulted on his claims. In light of the analysis set forth in Section One, the United States waives its procedural defenses, including procedural default and any timeliness defense.

Cir. 2020), *cert. denied*, No. 20-7679, 2021 WL 1951984 (U.S. May 17, 2021). For this reason, the United States' concession is limited to a violation of 18 U.S.C. § 2261A without any aggravating factors.

**II.     The Court should vacate the conviction on Count Five and issue an Amended Judgment. Resentencing is not necessary.**

For the above reasons, the United States respectfully asks the Court to vacate the conviction on Count Five and issue an Amended Judgment. A resentencing hearing is not warranted.

Where an error of constitutional magnitude has occurred, "the goal of § 2255 review is to place the defendant 'in exactly the same position he would have been had there been no error in the first instance.'" *United States v. Hadden*, 475 F.3d 652, 667 (4th Cir. 2007). Because habeas relief is equitable in nature, a district court "broad and flexible" power to "fashion an appropriate remedy." *United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007); *see also Schlup v. Delo*, 513 U.S. 298, 332 (1995); *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (authorizing district court to resentence defendant to reflect specific performance of breached plea agreement rather than vacating conviction). To that end, Section 2255 lists four broad remedies a court may consider:  (1) discharge the prisoner; (2) grant a new trial; (3) resentence; or (4) correct a sentence. 28 U.S.C. § 2255.

There is no requirement the court conduct a new sentencing hearing if a conviction can merely be excised or the sentence corrected. *United States v. Hadden*,

475 F.3d 652, 669 (4th Cir. 2007). Ordinarily, the vacatur of a § 924(c) conviction would justify a resentencing hearing because, typically, the Court fashions a sentencing package. When it selects a sentence on the other counts, it takes into account the mandatory consecutive term on the Section 924(c) or 924(j) conviction. *See, e.g., Dean v. United States*, 137 S. Ct. 1170, 1178 (2017) (court may take consecutive Section 924(c) sentence into account when selecting sentence for the predicate count); *United States v. Mobley*, 833 F.3d 797, 801 (7th Cir. 2016) (a full resentencing authorizes district court to unbundle a sentencing package); *United States v. Fowler*, 749 F.3d 1010, 1016 (11th Cir. 2014) ("On direct appeal, we have routinely, without hesitation and as a matter of course, vacated entire sentences and remanded for resentencing on all surviving counts after vacating a conviction or sentence on some, but not all, of the counts."); *see also Davis*, 139 S. Ct. at 2336 ("[W]hen a defendant's § 924(c) conviction is invalidated, courts of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted." (internal quotation marks omitted)); *United States v. Pepe*, No. 16-4589, 2021 WL 2287439, at *1 (4th Cir. June 4, 2021) (same). However, in this case, Counts One and Two also carry a mandatory minimum penalty of life imprisonment. Those counts, and their penalties, are undisturbed by the issues raised by Plunkett and cannot be increased or lowered in light of a vacatur of the § 924(j) count. Accordingly, there is no reason to vacate Plunkett's existing sentence on those counts or to hold a new

13

sentencing hearing. Plunkett cannot be sentenced to any sentence on the remaining counts other than the life imprisonment sentences already imposed.

## CONCLUSION

For the above reasons, this Court should vacate the conviction and sentence on Count Five and leave undisturbed the remaining counts.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

/s/ Jennifer R. Bockhorst
Tennessee Bar No. 021395
Attorney for United States of America
U.S. Attorney's Office
180 West Main Street
Abingdon, Virginia 24210
276-628-4161
276-628-7399 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January 2022, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, and caused a copy to be by first-class mail to:

Anthoine Plunkett
17734-058
FCI Butner Medium II
P.O. Box 1500
Butner, NC 27509

14

/s/ Jennifer R. Bockhorst