# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 4:04-cr-70083 |
| ) | |
| ANTHOINE PLUNKETT ) | |

**PETITIONER'S SUPPLEMENTAL REPLY TO U.S. RESPONSE TO MOTION TO RESENTENCE UNDER 28 U.S.C. § 2255**

Petitioner Anthoine Plunkett, through undersigned counsel, asks the Court to set aside the judgment in this case on Count Five and resentence him on Count Four pursuant to 28 U.S.C. § 2255. As conceded by the government, Resp. to § 2255 Mot., ECF No. 997, at 12, Mr. Plunkett's convictions on Counts Four and Five are connotationally infirm in light of the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Davis*, 139 S.Ct. 2319 (2019). The government avers that Mr. Plunkett need not be resentenced for the *Apprendi* error in Count Four in the interests of judicial economy. However, as Mr. Plunkett is entitled to be resentenced on Count Five after *Davis*, it is not conserving judicial resources to refuse to correct another unconstitutional sentence. Thus, the erroneous sentence under *Apprendi* should be vacated as well.

## ARGUMENT

Sentences should be constitutional and free of error. Where a court is conducting a resentencing, there is simply no justification for remedying one constitutional error and not another.

I.  **Count Five Error**

18 U.S.C. § 924(c)(3) imposes enhanced penalties for using a firearm in connection to a predicate "crime of violence." The relevant portion of § 924(c) defining a "crime of violence" has two clauses: the force clause, § 924(c)(3)(A), and § 924(c)(3)(B), the "residual clause." In *United States v. Davis*, 139 S.Ct. 2319 (2019), the Supreme Court held that the residual clause in § 924(c)(3)(B) is void for vagueness, noting that "this language, read in the way nearly everyone (including the government) has long understood it, provides no reliable way to determine which offenses qualify as crimes of violence." *Davis*, 139 S. Ct. at 2324.

Without the residual clause, to determine whether an offense qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A), under the categorical approach[1] an offense qualifies as a crime of violence only if a necessary element of the offense includes the use, attempted use, or threatened use of physical force as described in the force clauses of § 924(c)(3)(a) and § 16(a). *Leocal v. Ashcroft*, 543 U.S. 1, 7–10, (2004); *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) ("When a statute defines an offense in a way that allows for both violent and nonviolent means of commission, that offense is not 'categorically' a crime of violence under the force clause.") As conceded by the government, because the predicate offense Mr. Plunkett pleaded guilty to is not categorically a "crime of violence"," the 924(c) conviction in

---

[1] The categorical approach focuses "on the elements of the prior offense rather than the conduct underlying the conviction." *United States v. Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013) (citation omitted); *United States v. McNeal*, 818 F.3d 141, 151–52 (4th Cir. 2016). *See also Davis* at 2326.

Count Five must be vacated.

## II.     Count Four Error

Under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), any aggravating circumstance that increases the maximum penalty must be charged in the indictment and proven to the jury. *Apprendi*, 530 U.S. at 490. It is intrinsic to the constitutional guaranty of due process to "protect[ ] the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364 (1970)).

Count Four can only result in a mandatory minimum life imprisonment "if death results" from interstate stalking. 18 U.S.C. § 2261(b)(1). The other penalty provisions provide a maximum imprisonment of 20 years for life-threatening bodily injury or permanent disfigurement, 10 years for serious bodily injury, and 5 years if no aggravating circumstances are determined by a jury.

Mr. Plunkett was sentenced to life imprisonment under Count Four without the jury having found any aggravating circumstance. This was in violation of the Constitution and *Apprendi*, which had already been decided at the time of trial and sentencing. This is not an insignificant error, especially given the penalty:

> [T]o guard against a spirit of oppression and tyranny on the part of rulers," and "as the great bulwark of [our] civil and political liberties," trial by jury has been understood to require that "*the truth of every accusation,* whether preferred in the shape of indictment, information, or appeal, should afterwards be confirmed by the unanimous suffrage of twelve of [the defendant's] equals and neighbours....

3

*Apprendi*, 530 at 477 (quoting 2 J. Story, Commentaries on the Constitution of the United States 540-541 (4th ed. 1873) and 4 W. Blackstone, Commentaries on the Laws of England 343 (1769)) (internal citations omitted).

The government, which raised the *Apprendi* error in its response to Mr. Plunkett's § 2255 petition, urges the court not to resentence Mr. Plunkett based on that error under the "concurrent sentence doctrine." *United States v. Charles*, 932 F.3d 153, 155 (4th Cir. 2019). The Fourth Circuit has recognized "that to help promote the overall functioning of our justice system, courts should "conserve judicial resources by ... cleans[ing] the judicial process of prejudicial error without becoming mired in harmless error." *Id.* at 158–59 (4th Cir. 2019) (quoting *United States v. Hasting*, 461 U.S. 499, 501 (1983)). However, the decision not to resentence on an erroneous count does not automatically result in conserving judicial resources; the Fourth Circuit in *Charles* remanded the case to the district court to determine whether the First Step Act applied to the sentence. 932 F.3d at 162.

There is no reason to gamble with whether law or precedent will change before fixing the unconstitutional *Apprendi* error in Mr. Plunkett's sentence; especially as judicial resources are *not* at stake. What is "[a]t stake in this case are constitutional protections of surpassing importance: the proscription of any deprivation of liberty without 'due process of law[.]'" *Apprendi*, 530 U.S.at 476–77 (internal citations omitted). Given that the "Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged," *United States v. Gaudin,* 515 U.S. 506, 511 (1995), and the court must

4

already vacate Mr. Plunkett's conviction under Count Five, Count Four should also be constitutionally correct. As the jury found no aggravator for Count Four, the appropriate sentence is five years.

## CONCLUSION

For the reasons set forth above, Mr. Plunkett respectfully asks this Court to vacate his § 924(c) conviction, and to re-sentence him to five years for his Count Four conviction under § 2261.

Respectfully submitted,

ANTHOINE PLUNKETT

/s Arin Melissa Brenner

Arin Melissa Brenner
NY Bar No. 4990974
Assistant Federal Public Defender
Western District of Virginia
210 First St., SW, Suite 400
Roanoke, VA 24011
Phone: (540) 777-0880
Fax: (540) 777-0890

*Counsel for Defendant Anthoine Punkett*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2022, I electronically filed the foregoing Motion with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s Arin Melissa Brenner