**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-7225

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ANTHOINE PLUNKETT, a/k/a Antoine Plunkett,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville. Pamela Meade Sargent, Magistrate Judge. (4:04-cr-70083-MFU-PMS-2)

Submitted: January 30, 2023      Decided: April 13, 2023

Before WILKINSON and AGEE, Circuit Judges, and MOTZ, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Anthoine Plunkett, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthoine Plunkett appeals the magistrate judge's order denying his appointed counsel's motion to withdraw and his pro se motions for appointment of substitute counsel. While we grant his motion to supplement, we must dismiss his appeal.

With few exceptions, our jurisdiction is limited to "final decisions of the district courts of the United States." 28 U.S.C. § 1291. In general, an order is final only if "nothing remains for the district court to do except execute the judgment." *United States ex rel. Lutz v. United States*, 853 F.3d 131, 136 (4th Cir. 2017). Because the magistrate judge's order did not finally resolve Plunkett's § 2255 motion, we only have jurisdiction if it is one of the "very few types of interlocutory orders [that] qualify as immediately appealable collateral orders." *S.C. State Bd. of Dentistry v. F.T.C.*, 455 F.3d 436, 441 (4th Cir. 2006).

To be a final decision for the purposes of the collateral order doctrine, the order must "[1] conclusively determine the disputed question, [2] resolve an important issue separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006). The doctrine can "never be allowed to swallow the general rule . . . that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994).

Plunkett's appeal does not satisfy the second or third prongs of the collateral order doctrine. To begin, Plunkett and his counsel base their motions on their disagreement about the claims Plunkett is authorized to raise in his successive § 2255 motion. Determining whether that disagreement justified appointing new counsel — and, if so, whether the

2

magistrate judge's failure to do so prejudiced Plunkett — would require us to consider the merits of his § 2255 motion. Accordingly, the issue resolved by the magistrate judge's order is not "separate from the merits of the action." *Will*, 546 U.S. at 349; *see also Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 439 (1985).

Moreover, any harm to Plunkett from the magistrate judge's order can be redressed "on appeal from a final judgment." *Will*, 546 U.S. at 349. If the magistrate judge's ruling is erroneous and the error is found not to be harmless, it can be corrected later. *See United States v. Blackledge*, 751 F.3d 188, 193, 197 (4th Cir. 2014). Because the type of claim Plunkett advances "can be adequately vindicated by other means," we must dismiss his appeal for lack of jurisdiction.* *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

* It is significant that it is Plunkett, and not his attorney, who appeals the magistrate judge's order. "In delineating the boundaries of the collateral order doctrine, 'the importance of the right asserted [on appeal] has always been a significant part' of the analysis." *Cobra Nat. Res., LLC v. Fed. Mine Safety & Health Rev. Comm'n*, 742 F.3d 82, 87 (4th Cir. 2014) (quoting *Will*, 546 U.S. at 352). While several circuits have concluded that *an attorney* may immediately appeal the denial of a motion to withdraw because of the irreparable harm that befalls an attorney "forced to continue representing a client against his or her wishes," *United States v. Bellille*, 962 F.3d 731, 736 (3d Cir. 2020) (quoting *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)), the Supreme Court has explained that orders that allegedly violate *a litigant's* right to the counsel of his or her choice are *not* immediately appealable, *see Richardson-Merrell*, 472 U.S. at 438–39; *id.* at 442 (Brennan, J., concurring).